**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

HENRY J. DURHAM,

                              Plaintiff,

   - v -                                                      Civ. No. 9:17-CV-434
                                                                       (LEK/DJS)

HASSAN JONES, MICHAEL WRIGHT, MR.
VELAZQUEZ, PAUL CALOGERO, AMY BROTHERS,
and MARIA OCAMPO,

                              Defendants.

**APPEARANCES:**                                        **OF COUNSEL:**

HENRY J. DURHAM
Plaintiff, *Pro Se*
Central New York Psychiatric Center
P.O. Box 300
Marcy, New York 13403

HON. LETITIA JAMES                           MATTHEW P. REED, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

*Pro se* Plaintiff Henry Durham brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights in October 2016 while he was a patient at Central New York Psychiatric Center ("CNYPC"). *See* Dkt. No. 1, Compl. Defendants have now filed a Motion for Summary Judgment, pursuant to Federal Rule of

Civil Procedure 56(a). Dkt. No. 26. Plaintiff failed to respond to the Motion despite being advised of the consequences of failing to do so. *See* Dkt. No. 29. For the reasons that follow, the Court recommends **granting in part and denying in part** Defendants' Motion for Summary Judgment.

## I. BACKGROUND[1]

On October 16, 2016, Plaintiff was a resident at Central New York Psychiatric Center pursuant to a civil commitment order. Dkt. No. 26-3, Plaintiff's Deposition ("Pl.'s Dep.") at pp. 9-10. On that date, Plaintiff was housed on Ward 504. Dkt. No. 26-6, Declaration of Hassan Jones ("Jones Decl.") at ¶ 6. Plaintiff was housed under certain restrictions as a result of prior disciplinary issues. *Id.* at ¶ 23; Pl.'s Dep. at p. 19. In the early afternoon of October 16th, Plaintiff became involved in an altercation with staff at CNYPC. Defendant Wright first confronted Plaintiff over what he contended was Plaintiff's improper conduct. Dkt. No. 26-7, Declaration of Michael Wright ("Wright Decl.") at ¶¶ 8-10. The exact circumstances of what occurred next are disputed by the parties. Defendants contend that Plaintiff became aggressive, including lunging and spitting at Defendant Jones. Wright Decl. at ¶ 22; Jones Decl. at ¶ 14. Plaintiff denies that at this point he was physically aggressive

---

[1] Under Local Rule 7.1(a)(3), on a motion for summary judgment a non-movant must respond to the movant's statement of material facts "by admitting and/or denying each of the movant's assertions in matching numbered paragraphs" and "set forth a specific citation to the record where the factual issue arises." N.D.N.Y. L.R. 7.1(a)(3). "The Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert." *Id*. As noted, Plaintiff has not filed a response to the Motion. In deference to Plaintiff's *pro se* status the Court has opted to review the entire summary judgment record in order to ascertain the undisputed material facts. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (noting court's "broad discretion to determine whether to overlook a party's failure to comply with local court rules").

towards any staff. Pl.'s Dep. at p. 40. Defendants Jones and Wright then physically restrained Plaintiff, taking him off his feet to the floor in his room. Wright Decl. at ¶¶ 23-24; Jones Decl. at ¶ 15; Pl.'s Dep. at pp. 43-44. Once Plaintiff was on the ground Defendant Calogero grabbed Plaintiff's legs. Dkt. No. 26-8, Declaration of Paul Calogero ("Calogero Decl.") at ¶ 21. While on the ground, Plaintiff admits to struggling with staff members and spitting at Defendant Jones. Pl.'s Dep. at p. 46. Plaintiff alleges, but Jones denies, that Jones punched him twice while Plaintiff was the ground. *Id.* at p. 41; Jones Decl. at ¶ 21. While he was being restrained, Plaintiff told staff that he was having trouble breathing. Pl.'s Dep. at p. 43; Dkt. No. 26-10, Declaration of George Lewis ("Lewis Decl.") at ¶ 13. Defendant Velazquez eventually took Defendant Jones' position securing Plaintiff on the floor. Dkt. No. 26-9, Declaration of Christopher Velazquez. The situation ended when Plaintiff was placed in a restraint bed. Wright Decl. at ¶ 29.

Following the incident Plaintiff was seen by medical staff. Dkt. No. 26-3, Declaration of Matthew Reed ("Reed Decl.") at Ex. C. Over the course of the next several days, Plaintiff made numerous requests for pain medication to address back and/or joint pain. Dkt. No. 26-4, Declaration of Amy Marie Brothers ("Brothers Decl.") at ¶¶ 13-14, 17, 20, & 23-24. Plaintiff was provided medication on those occasions when he requested it. *Id.* Prior to the incident Plaintiff had a history of chronic back pain for which he regularly received Ibuprofen and Acetaminophen. Brothers Decl. at ¶ 7. Apart from complaints of pain, Plaintiff made no other complaints to medical staff following the incident. *See generally id.*

at Ex. A. Several days after the incident, x-rays were done revealing two fractured ribs. *Id.* at p. 27.

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin,* 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir.

1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord, Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

#### A. Excessive Force Claims

Plaintiff alleges that Defendants used excessive force on October 16, 2016 during the physical restraint. *See generally* Compl. On the record before the Court, there are questions of fact which preclude summary judgment as to those claims. Therefore, it is recommended

that the Motion for Summary Judgment by Defendants Jones, Wright, Calogero, and Velazquez be denied.

Plaintiff's excessive force claim arises under the Fourteenth Amendment. Compl. at p. 8. In *Kingsley v. Hendrickson*, the Supreme Court addressed the proper standard for evaluating excessive force claims brought under the Fourteenth Amendment by a pretrial detainee and concluded that "courts must use an objective standard" under which the plaintiff "must show only that the force purposely or knowingly used against him was objectively unreasonable." 135 S. Ct. 2466, 2472-73 (2015). That standard applies here even though Plaintiff was civilly confined, not a pretrial detainee, because "[t]he distinction *Kingsley* drew was not between pretrial detainees and non-detainees. Instead, it was between claims brought under the Eighth Amendment's Cruel and Unusual Punishment Clause and those brought under the Fourteenth Amendment's Due Process Clause." *Edrei v. Maguire*, 892 F.3d 525, 535 (2d Cir. 2018) (citing *Kingsley v. Hendrickson*, 135 S.Ct. at 2475). As a result "*Kingsley* provides the appropriate standard for all excessive force claims brought under the Fourteenth Amendment." *Id.*

Assessing the objective reasonableness of any use of force necessarily depends on the facts and circumstances of each case, but relevant factors include:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley v. Hendrickson*, 135 S.Ct. at 2473 (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "Thus, a pretrial detainee can make a showing if the force . . . is not rationally related to a legitimate governmental purpose or that it is excessive in relation to that purpose.'" *Parson v. Barboza*, 2016 WL 7261550, at *5 (N.D.N.Y. June 28, 2016), *report and recommendation adopted*, 2016 WL 4398522 (N.D.N.Y. Aug. 18, 2016) (quoting *Kingsley v. Hendrickson*, 135 S. Ct. at 2473)).

Plaintiff's allegation that he was involved in an incident during which force was used by Defendants is not disputed. *See, e.g.*, Compl. at ¶¶ 21-22; Reed Decl. at Ex. C. Defendants contend, however, that summary judgment is appropriate because they engaged in a "controlled take-down in accordance with extensive training" which is "wholly insufficient to constitute a [c]onstitutional violation." Dkt. No. 26-1, Defs.' Mem. of Law at p. 16. Defendants contend that Plaintiff was failing to abide by instructions and was being aggressive toward staff. Wright Decl. at ¶ 18. Plaintiff, however, denies that he was either out of control or violent. Pl.'s Dep. at p. 40. Defendants' version of events has Plaintiff spitting at Defendant Jones before Plaintiff was restrained. Wright Decl. at ¶ 22; Jones Decl. at ¶ 15. Plaintiff admits to spitting at Jones, but claims that did not happen until after he was taken to the ground. Pl.'s Dep. at p. 46. While Defendants allege that "[n]o one struck or hit Mr. Durham in any way while he was being restrained," Jones Decl. at ¶ 21, Plaintiff testified that Jones punched him twice in the right ear. Pl.'s Dep. at p. 41. George Lewis, a nonparty employee of CNYPC, confirms that during the restraint Plaintiff stated that he

was having trouble breathing. Lewis Decl. at ¶ 13. Given that the parties dispute the facts regarding what led to the use of force at issue, the degree to which Plaintiff was resisting, and the extent and amount of force used, this is not a case where the Court can determine as a matter of law that the use of force was reasonable. *See Kingsley v. Hendrickson*, 135 S.Ct. at 2473.

Defendants also argue that Plaintiff's "minimal physical injury" also supports their argument that as a matter of law excessive force was not used. Defs.' Mem of Law at p. 16. Plaintiff alleges that he suffered two fractured ribs as a result of the use of force. Pl.'s Dep. at p. 40. X-rays taken days after the incident confirmed two broken ribs. Brothers Decl. at ¶ 28. The Court declines to find that suffering two broken ribs constitutes a "minimal" injury. Viewed in the light most favorable to Plaintiff, the nonmovant here, those injuries are sufficient to present questions of fact about how much force was used and the extent of Plaintiff's injuries. *Kingsley v. Hendrickson*, 135 S.Ct. at 2473. That is especially true given Defendants' contention that Plaintiff was merely grabbed and "guided . . . to the floor." Wright Decl. at ¶ 24.

Accordingly, it is recommended that the Motion for Summary Judgment on Plaintiff's excessive force claim be denied.[2]

---

[2] Defendants seek summary judgment on Plaintiff's related state law claims solely on the ground that if Plaintiff's constitutional claims are dismissed, the Court would be without jurisdiction over the state law claims. Defs.' Mem. of Law at pp. 22-23. In light of the recommendation that Plaintiff's constitutional use of force claims survive summary judgment, the Court clearly has jurisdiction over the state law claims under 28 U.S.C. § 1367(a) and summary judgment should be denied as to the state law claims as well.

## B. Medical Indifference Claims

Plaintiff alleges that Defendants Ocampo and Brothers were deliberately indifferent to his medical needs by failing to properly provide treatment to him and failing to more quickly diagnose his broken ribs. Compl.; *see generally* Pl.'s Dep. For the reasons which follow, I recommend that Defendants' Motion for Summary Judgment as to these claims be granted.

### *1. Lack of Personal Involvement*

Defendant Ocampo seeks summary judgment on the ground that she was not involved in any of Plaintiff's medical care during the relevant time period. Defs'. Mem. of Law at p. 11. She has offered a sworn declaration that she was not working at CNYPC on October 16, 2016. Ocampo Decl. at ¶ 7; *see also* Reed Decl. at Ex. B. The other days during the relevant time period, while Ocampo was working she was not assigned to Ward 504, where Plaintiff was housed during this time, and was not involved in his care at all during this time period. Ocampo Decl. at ¶¶ 9-10. Medical records for this time period do not reflect any role for Ocampo in Plaintiff's medical care. *See* Brothers Decl. at Ex. A. Plaintiff offers nothing to contradict this evidence. The law is clear that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). Here, given the undisputed record evidence that Ocampo was not involved in Plaintiff's medical care during the relevant period, the Court recommends

that her Motion for Summary Judgment be granted.

Defendant Brothers also seeks summary judgment based on her lack of personal involvement concerning any events which took place on October 16th. Like Ocampo, the record establishes that Brothers was not working at CNYPC that day. Brothers Decl. at ¶ 11; Reed Decl. at Ex. B. Plaintiff now concedes that although he alleged in the Complaint that Brothers was present in his unit shortly after the incident, he was mistaken and it was not in fact Nurse Brothers he was referring to. Pl.'s Dep. at p. 83. Accordingly, the Court also recommends that summary judgment be granted as to any claim regarding actions allegedly taken by Defendant Brothers on October 16, 2016.

*2. Merits of the Indifference Claim as to Defendant Brothers*

Plaintiff's medical care claims are also analyzed under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment. *See Groves v. New York*, 2010 WL 1257858, at *6 (N.D.N.Y. Mar. 1, 2010). The standard under the Due Process Clause is similar in this context to that under the Eighth Amendment, requiring the plaintiff first to "satisfy the 'objective prong' showing that the conditions were 'sufficiently serious' as to constitute objective deprivations of constitutional rights" and second to satisfy a "'mental element prong' - showing that the officer acted with at least deliberate indifference to the challenged conditions." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017); *see also Bell v. Carson*, 2018 WL 5993686, at *2 (N.D.N.Y. Nov. 15, 2018); *see also Haden v. Hellinger*, 2016 WL 8673144, at *8 (N.D.N.Y. Sept. 30, 2016), *report and recommendation*

*adopted*, 2016 WL 6248432 (N.D.N.Y. Oct. 26, 2016) ("The standard governing medical indifference claims brought by civilly committed individuals, like the plaintiff in this case, is the same as the one applicable to medical claims asserted by convicted prisoners and pretrial detainees.").

The first prong is an objective standard and considers whether the medical condition is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (*quoting Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). An injury is sufficiently serious for these purposes when it involves "the existence of an injury that a reasonable doctor would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d. Cir. 1998). Defendants contend that Plaintiff's fractured ribs do not rise to this level. Defs.' Mem. of Law at p. 18. The Court disagrees and finds, especially when viewed in the light most favorable to Plaintiff, that two broken ribs could satisfy this objective standard. *McMillon v. Davidson*, 873 F. Supp. 2d 512, 514 (W.D.N.Y. 2012) (assuming for purposes of summary judgment motion that "fractured rib presented a serious medical need"); *Griffin v. Donelli*, 2010 WL 681394, at *8 (N.D.N.Y. Feb. 24, 2010) (similar).

Regarding the second prong "[a] pretrial detainee suing for deliberate indifference under the Fourteenth Amendment is required to show only that the prison official acted with objective recklessness, or that the defendant knew or should have known that an excessive

risk to health or safety would result." *Revels v. Corr. Med. Care, Inc.*, 2018 WL 1578157, at *5 (N.D.N.Y. Mar. 28, 2018).

Here, the record does not support a finding that there was any deliberate indifference on the part of Defendant Brothers regarding Plaintiff's care and treatment. Medical records for the period between the October 16, 2016 incident and October 20, 2016 when Plaintiff was x-rayed show that numerous times during this period Plaintiff requested and received, from Brothers and others, medication for his complaints of pain. Brothers Decl. at ¶¶ 13-14, 17, 20, & 23-24 and Ex. A; Pl.'s Dep. at pp. 58 & 63. The evidence in the record establishes that Plaintiff's pain level throughout this period was generally self-reported as a two or three on a ten point scale and that following receipt of medication his pain level decreased. Brothers Decl. at ¶¶ 13-14, 17, 20, & 23-24 and Ex. A.[3] During this period he was compliant with staff, eating, and participated in activities in the facility day room, all without reports of severe discomfort. *Id.* Plaintiff's complaints of pain were consistent with similar complaints Plaintiff had made prior to the October 16th incident. Brothers Decl. at ¶ 7. The medical records offer no basis for finding that Defendant Brothers was aware of or should have been aware of a risk to Plaintiff's health that would suggest she acted with indifference to Plaintiff's medical needs. Nor does Plaintiff point to any particular act or omission of

---

[3] During his deposition Plaintiff denied that medical staff checked back with him on the efficacy of the pain medications. Pl.'s Dep. at pp. 58-59. In light of the clear evidence to the contrary in the medical records his purely conclusory allegations to the contrary do not create a question of fact sufficient to defeat summary judgment. *Quick v. Graham*, 2014 WL 4627108, at *12 n. 16 (N.D.N.Y. Sept. 11, 2014) (citing cases); *Willard v. Ramsey*, 2010 WL 786296, at *4 (N.D.N.Y. Mar. 2, 2010); *Benitez v. Pecenco*, 1995 WL 444352, at * 3 n. 5 (S.D.N.Y. July 27, 1995) (conclusory claim that plaintiff was never issued medication was directly contradicted by medical records and was insufficient to create a factual dispute on that issue).

Brothers specifically that would support a subjective finding of deliberate difference.

The fact that Plaintiff may feel that he "did not get the level of medical attention he deserved" is insufficient to establish a claim. *Jenkins v. Trachtman*, 2017 WL 7163935, at *4 (N.D.N.Y. Dec. 22, 2017), *report and recommendation adopted*, *Jenkins v. Trachtman*, 2018 WL 626303 (N.D.N.Y. Jan. 30, 2018). Plaintiff's claims that the assessment provided by Nurse Brothers was incomplete or insufficient essentially amount to a disagreement over treatment which also cannot be a basis for a claim. *Solar v. Lennox*, 2012 WL 3929936, at *19 (N.D.N.Y. July 16, 2012), *report and recommendation adopted*, 2012 WL 3929958 (N.D.N.Y. Sept. 10, 2012) (citing *Chance v. Armstrong*, 143 F.3d at 703); *Irby v. Frisnia*, 119 F. Supp. 2d 130, 132 (N.D.N.Y. 2000) (no deliberate indifference where, at most, defendant might be liable for negligence "in failing to initially diagnose [plaintiff's] injury"). Moreover, Plaintiff's treatment was unchanged following the diagnosis of the rib fracture, Brothers Decl. at ¶ 31, and so Plaintiff fails to demonstrate how getting x-rays sooner would have made a difference to his care. *Mangual v. Wright*, 2007 WL 1428443, at *6 (W.D.N.Y. May 9, 2007) (granting summary judgment when "even assuming that plaintiff could establish that [defendant] was negligent for failing to diagnose plaintiff's condition sooner . . . plaintiff has not come forward with any medical evidence to support his belief that [his] treatment would have been successful if it had started . . . earlier.").

### IV.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 26) be **GRANTED as to Defendants Ocampo and Brothers**; and it is further

**RECOMMENDED**, that Defendants' Motion for Summary Judgment be **DENIED as to Defendants Jones, Wright, Calogero, and Velazquez**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[4] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   January 23, 2019
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).